Kenneth PATRICK, Plaintiff In Error,

v.

C. P. THOMAS and General Baking Company, A Foreign Corporation, Defendants in Error.

No. 39711.

Supreme Court of Oklahoma.

Sept. 18, 1962.

Ungerman, Gravel, Ungerman, Leiter & Unruh, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendants in error.

BLACKBIRD, Vice Chief Justice.

Plaintiff in error, hereinafter referred to as plaintiff, a previously discharged employee of a bakery operated by the defendant in error, General Baking Company, instituted this action against said Company, and its manager, C. P. Thomas, as defendants, to recover damages against them on account of his alleged libel and/or defamation in a certain letter written by Thomas concerning the represented ground for plaintiff's said discharge.

Over plaintiff's objection, the trial court sustained defendants' demurrer to his amended petition, and, upon his giving notice of his intention to appeal from said ruling, entered judgment dismissing the action. Plaintiff has perfected the present appeal from said judgment.

The first, and a decisive, issue herein, is whether or not the alleged defamatory statement was "published" within the meaning of that term in relation to libel.

Plaintiff's pleading represents that he was discharged on October 8, 1960, and that the letter containing said defamatory statement was dated October 28, 1960. Attached to his pleading, in compliance with the trial court's order to make it more definite and certain, is a series of letters between Thomas, the afore-mentioned manager, on one hand, and plaintiff and one Everett Stalling, Recording Secretary and Business Representative of a union named: "Tulsa General Drivers, Warehousemen and Helpers, Local No. 523" written during the course of plaintiff's attempt to perfect, through Stalling, a type of appeal, prescribed in a previous collective bargaining agreement between said Union and the Tulsa Bakers Employers Labor Council, under which the matter of said discharge could apparently receive consideration, and be reviewed, and perhaps revoked, by a process apparently encompassed within the term "arbitration". One of these, a letter marked "Exhibit B", was dated October 19, 1960, and addressed by plaintiff to the bakery, notifying it that he was appealing his discharge pursuant to the provisions of the referred-to agreement. The said pleading's Exhibit C is a letter, dated the following day, by which Thomas answered plaintiff's aforesaid letter, and advised him to "* * * read your Teamsters contract pertaining to grievance procedure." The third letter in this series of correspondence is one that the defendant Baking Company's manager, Thomas, addressed to the aforenamed Union representative, Stalling, containing a recitation of events, in chronological order, preceding and leading up to, a notice of plaintiff's appeal, that the defendant baking company was therein represented as having received October 20, 1960. Said letter (in apparent reference to provisions of the aforementioned agreement) referred to "Step 2 under Grievance Procedure", and represented that plaintiff had not timely complied therewith. Thomas's letter closed with the following:

"If I can be of further help in settling this matter, please let me know."

The fifth of the series of letters, attached to plaintiff's pleading as Exhibit D, was one dated October 25, 1960, addressed by Stalling to Thomas, as the baking company's manager, and reading as follows:

"In regard to your letter of October 20, 1960, upon request of a previous letter from Mr. Kenneth Patrick pursuant to the terms of the agreement between our local union and the Tulsa Bakery Employers, Kenneth Patrick and this local union *as his labor representative*, do hereby request arbitration pursuant to the terms of said agreement and step 3 of Section 2 Article 3 thereof. This is further to advise you that the arbitrator to be appointed by Mr. Patrick and ourselves will be Mr. Maynard Ungerman, 625 Wright Building, Tulsa, Oklahoma." (Emphasis ours).

The letter, which contains the crux of plaintiff's alleged cause of action, is one dated October 28, 1960, from Thomas to Stalling, and attached to plaintiff's pleading as "Exhibit A". Said letter reads, in part, as follows:

"This will acknowledge receipt of your letter of October 25, 1960, stating your desire to process the matter of the discharge of Mr. Patrick to arbitration.

"It is my position that this issue is no longer subject to arbitration. Section 13 (Discharges) of the collective bargaining agreement between us, dated May 20, 1959, provides as follows: .

"Paragraph 1— '* * * Except that no warning notice need be given to an

employee before he is discharged if the cause of such discharge is dishonesty * * *.'

"Paragraph 3— 'Appeal from discharge must be filed with the employer in writing within five (5) days from date of discharge and unless so filed, the right of appeal is lost.'

"Furthermore, Mr. Patrick is not even within the time limitations prescribed in Article 3, Section 2 (Grievance Procedure) to be eligible for processing this matter to arbitration.

*"The facts are simply that Mr. Patrick was discharged for dishonesty on October 8, 1960.*

\* \* \* \* \* \*

"On October 20, 1960, I received a letter from Mr. Patrick stating his intent to appeal the discharge through the contract procedure. This notice of appeal from Mr. Patrick comes twelve (12) days after the discharge action. Paragraph 3 of Section 13 is very specific in providing that a written notice of appeal must be filed within five (5) days of date of discharge and, if not, then 'the right of appeal is lost'.

"In view of the foregoing it is my conclusion that the issue of Mr. Patrick's discharge is no longer a proper subject for arbitration." (Emphasis ours).

Though the body of plaintiff's petition did not contain Stalling's name, and merely set forth the general allegation that Thomas, as the baking company's agent and employee " * * * did maliciously compose and publish a letter directed to *a third party* * * *" (emphasis ours), it is not claimed that there was any such "third party" other than Stalling, the addressee of the above-quoted Exhibit A. Therefore, in view of the fact that our decision, as to whether the trial court properly sustained defendants' demurrer, must be governed by the facts alleged, or shown, by plaintiff's pleading and its exhibits, rather than by any legal conclusion therein contained, the question then is: Did Stalling's reading of the above quoted and italicized representation about the cause of plaintiff's discharge, contained in defendants' letter of October 28, 1960, accomplish the "publication" necessary to a libel action? We think this question must be answered in the negative. A careful and correct analysis of this court's opinion in Taylor v. McDaniels, 139 Okl. 262, 281 P. 967, 66 A.L.R. 1246, can lead to no other conclusion than that we are committed to the doctrine that: When a person is allegedly defamed only to his agent, there is no publication. In this connection, it will be noted that, in Stalling's above quoted letter to Thomas of October 25, 1960, Stalling's employer union is represented as plaintiff's "labor representative * * *". Plaintiff does not directly deny this representation of principal-agent relationship between him and the referred to organization, and/or its alter ego, Stalling, but his counsel attempts to demonstrate, by citing and quoting from Hughes Tool Co. v. National Labor Relations Board (C.C.A. 5th Cir.) 147 F.2d 69, 158 A.L.R. 1165, that certain named Acts of Congress have effectuated such substantial changes in the "early concept of agency between a union and a company's employees * * *" that " * * * the union no longer is necessarily an agent of the employees, because the union representatives must represent non-union members, as well as union members." Said counsel also argue that whether or not Stalling, and/or the union was acting as plaintiff's agent in the situation here presented, was a matter of evidence, not reached by defendants' demurrer. We find no substantial merit in these arguments. Granting that Stalling, and/or the union, was not an agent for plaintiff, generally, or for many purposes, plaintiff's pleading must be regarded, for the purpose of determining the issue here, as showing on its face (and containing a binding admission) that Stalling, and his employer union, were acting in plaintiff's stead in the matter involved. See Seaton v. Tucker, Okl., 325 P.2d 82.

Under the doctrine of Taylor v. McDaniels, supra, the making of an alleged defamatory remark concerning a plaintiff, to another, acting with his consent for him, in his stead, is no different, as far as publication is concerned, than making it to plaintiff himself. Counsel's demonstration that there are differences between the facts of this case, and the cited one, does not reveal any distinction sufficient to render the principles, therein applied, inapplicable to the present case. From our research, that leading case appears to represent the majority, and we think the sounder, view on the subject. In this connection, see the Annotation at 172 A.L.R. 208. We therefore decline to depart from it.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.